Raymond A. CAMPBELL, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 15820.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 4, 1961.

Decided March 30, 1961.

Miss Carolyn E. Agger, Washington, D. C. (appointed by this Court), for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before MR. JUSTICE BURTON, retired,* and DANAHER and BASTIAN, Circuit Judges.

Mr. Justice BURTON.

Upon an indictment in the United States District Court for the District of Columbia charging each of them with

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

grand and petit larceny in violation of the District of Columbia Code, Supp. VIII (1960), §§ 22–2201 and 22–2202, the appellant, Raymond A. Campbell, Jr., and his co-defendant, Philip Coleman, were convicted of petit larceny. Appellant was sentenced to prison for one year, such service to follow his completion of another sentence imposed upon him on another charge of larceny. In the instant case appellant, acting under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. moved, before trial, to exclude from admission in evidence numerous articles of clothing and personal property found by the police on the rear seat of an automobile occupied by appellant and two others and seized by the police without a search warrant. After a full hearing out of the presence of the jury, the motion was denied. During the ensuing trial, appellant's motion to suppress was renewed several times and in each instance it was denied without a further hearing.

The Government contends that, under the circumstances of this case, the seizure was lawfully made without a warrant because it was made in connection with the arrest of appellant upon probable cause. Appellant disagrees and contends further that the judgment below should be set aside because the District Court did not charge the jury that uncorroborated testimony given by an alleged accomplice should be received with caution and scrutinized with care. For the reasons hereafter stated, we agree with the Government and the court below on both issues.

█ Although the District Court made no express findings of fact when denying appellant's motions to suppress the evidence seized by the Government, the following facts are apparent from the record: Police Officers Steiner and Selby at 6 p. m., January 13, 1960, were about to leave the Fourth Precinct Police Station to patrol areas including the southwestern section of the District of Columbia when they saw and heard one Robert Cotton report to the precinct station the theft from his car, parked in that area, of a substantial number of articles of clothing and personal property. The property reported stolen included, according to the recollection of the officers, a lady's black fur coat, a movie camera, a suitcase and numerous articles of men's and women's apparel. Mr. Cotton stated that he had left these articles in his car parked at the curb in the 400 block of 8th Street, S.W.

After dark, at about 7:30 p. m., the above-named officers patrolled the area in a scout car. The neighborhood was largely deserted as a result of the recent or impending demolition of buildings as part of an urban redevelopment program. While so patrolling the officers noticed a Plymouth car standing at the curb with its lights out, but its motor running. It was near the intersection of 6th & H Streets, S.W., four or five blocks from the place where the larceny from Cotton's car was reported to have occurred. As the officers approached the Plymouth it started to move from the curb still without lights. The officers thereupon stopped it and asked the driver, William F. Robinson, if he knew that his lights were out. He replied that he did not and, after a little fumbling, turned them on. Sitting in the front seat with Robinson were appellant Campbell and his co-defendant, Coleman. The officers asked the driver to show them his permit and car registration. He produced the permit and stepped out of the car to show the police that the registration card was attached to the car's rear license plate in accordance with a practice applicable to dealers' cars.

The above-described preliminary investigation followed routine practice. However, when Robinson opened the door of the car, its interior dome light automatically came on. This light disclosed numerous articles of clothing and other personal property filling the rear seat. The officers saw a suitcase and, on top of the pile of clothing, they saw what they described as a lady's black fur coat. At least one of the officers used his flashlight to examine the interior of the car. One of the officers also asked where the

property had come from to which the appellant or Coleman replied merely, "from a friend in Northwest." The officers then directed appellant and Coleman to get into the police car. They did so and were taken to the precinct station. At the direction of the officers, Robinson, driving the Plymouth, followed the police to the precinct station. There the three original occupants of the Plymouth were questioned and the property in the car was taken out for further examination.

When appellant and Coleman, at the direction of the officers, moved from the Plymouth into the police car, their arrest had been made. There existed at the time of the arrest probable cause to believe that Campbell and Coleman had stolen the articles that Cotton had reported stolen. The similarity was striking between the articles the officers found in the car shortly after 7:30 p. m., and those which, at about 6 p. m., had been reported to the police as stolen from a car in that area. The men in possession of the articles gave no adequate explanation of how they had acquired them. These circumstances called for prompt police action before the occupants of the car had opportunity to escape or to dispose of the articles. The officers accordingly took the men and the articles to the precinct station for further identifi-

cation and investigation. Probable cause for the arrest having been found, it was sufficient to support the search and seizure of the reportedly stolen articles.

Two recent decisions in this Court lend support to the police in the instant case. See Bell v. United States, 102 U.S.App. D.C. 383, 254 F.2d 82, certiorari denied, 1958, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed. 2d 113, and Robinson v. United States, 1960, 109 U.S.App.D.C. 22, 283 F.2d 508. The facts in the Bell case are strikingly similar to those in the instant case.[1]

Appellant also argues that the District Court erred in failing to instruct the jury that uncorroborated testimony when given by an accomplice should be received with caution and scrutinized with care. See Bishop v. United States, 1957, 100 U.S.App.D.C. 88, 89, 243 F.2d 32, 33. Since this contention was not made in the court below, we are not free to reverse that court on this ground unless the action taken was "plain error." Fed.Rules Crim.Proc. rule 52(b). We do not find such plain error here. The only possible accomplice was Robinson, the driver, whose testimony was important to the Government's case. There is no substantial ground, however, to implicate Robinson as an accomplice except the fact that he drove the car. The other

1. "At about three-thirty o'clock one morning two police officers in a scout car saw appellant and another man in an automobile pull away from the curb in front of a food store and drive some two blocks without lights. The officers stopped them and asked to see the driver's license and registration card. The inquiring officer used his flashlight and, while asking questions about the documents, flicked the light about the rear of the car. On the back seat were some forty cartons of cigarettes. The officer asked about them. Appellant's companion made a motion to reach under the seat, whereupon the officer ordered both men out of the car.

"Up to this point the members of the court are in agreement. A police officer certainly has a right to stop a car driving without lights at three-thirty o'clock in the morning, and he certainly has a right to use his flashlight to examine the driver's credentials. When he

approaches the driver's side of the car he has a right to flash his light about the back seat, for his own self-protection if for no other reason. Argument is presented on whether the flashing of the light was or was not an unreasonable search. We need not consider that question; if it was a search it was reasonable under the circumstances. When the officer inquired about where they got the cigarettes the answer was less than satisfactory—'at a place in Maryland.'

"* * * We think that under these circumstances a police officer had reasonable grounds for belief that a felony had been committed and that these men had committed it. He had probable cause for arrest. The trial court concluded, 'This is a very clear case of excellent police work and lawful arrest on suspicion of housebreaking.' We agree." 102 U.S. App.D.C. at pages 384–385, 388, 254 F. 2d at pages 83–84, 87.

evidence indicates that Robinson was innocent of any knowing cooperation in the larceny with which appellant and Coleman were charged. The evidence is uncontradicted that Robinson drove under instructions from his employer who had directed him to drive appellant and Coleman on an errand. Robinson drove as directed and did not leave the car. He testified that when he saw appellant and Coleman put the clothes in the car, they told him that they were moving. Unless there was reasonable ground for concluding that the driver was an accomplice of Campbell and Coleman, there was no occasion for the court to instruct the jury on the special caution to be observed when confronted with the uncorroborated testimony of an accomplice. Under these circumstances we have concluded that it was not plain error for the District Court to have omitted from its charge to the jury any mention of the possibility that the driver was an accomplice, and to have failed to instruct the jury as to the special standard that should be applied to the uncorroborated testimony of an accomplice.

Affirmed.