**Lewis R. DIXON, Appellant**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16263.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 28, 1961.

Decided Oct. 19, 1961.

Mr. Lloyd N. Cutler, Washington, D. C. (appointed by this court), for appellant.

Miss Doris H. Spangenburg, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., and Mr. Charles T. Duncan, Principal Asst. U. S. Atty., were on the brief, for appellee. Mr. Harry T. Alexander, Asst. U. S. Atty., at the time the record was filed, was also on the brief for appellee. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed, and Mr. Carl W. Belcher, Asst. U. S. Atty., at the time the record was filed, also entered appearances for appellee.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Dixon was indicted and tried on three counts and was convicted on one, which charged receipt of stolen property.

The question presented on this appeal is whether there was probable cause for the arrest, the pertinence of the point being that the admissibility of the property seized at the time of the arrest depended upon it.

Two police officers were cruising in the Northwest section of Washington in the neighborhood of Griffith Stadium at about midnight. They noticed an Oldsmobile, in which were two men, one of them known to the officers as a safebreaker. The officers followed the car. They saw a man on the curb beckon to the two men. A brief conversation between the men in the car and the man on the curb ensued, and the car made a right turn and proceeded on Wiltburger Street. The person who had beckoned walked in the same direction. The officers saw the Oldsmobile park in front of a Plymouth. They drove around the block and then entered Wiltburger Street. The trunks of both the Oldsmobile and the Plymouth were open. Four men, including appellant, were standing together on the curb beside the Plymouth. The light inside the trunk of the Plymouth was on. As the officers approached, one of them saw one of the men on the curb throw something to the ground. The officers parked abreast of the Plymouth. One of them alighted and approached the four men. As he passed the trunk of the Plymouth he saw inside the lighted trunk an open cardboard carton in which was a fur piece with a price tag or label on it. Upon looking at the article which had been thrown on the ground, he discovered that it was a garment. He inquired of the men as to the owner of the garment and received no reply. He picked it up and noted that it was a lady's two-piece suit from which the price tags had not been removed. He again inquired as to the owner of the suit and again received no reply. At that point he ordered the four men to raise their hands and to face the wall. He searched them and the Plymouth, and his partner called for the police wagon.

At the trial the lady's suit, the fur piece, and another article later seized from the Plymouth were admitted in evidence over objection.

■ The questions before us are: Under the sum total of circumstances at the moment, (1) what was a reasonably prudent police officer entitled to believe, and (2) upon the basis of his belief what was he to do? Many opinions have been written upon the subject, a few of which we cite.[1] Mr. Justice Douglas, writing for the Court in the Henry case,[2] said: "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." The decisive factors are that all the circumstances are to be considered together, in a sum total; that the circumstances to be considered are those of the moment;[3] that the impression to be evalu-

---

[1]. Among the Supreme Court cases are: Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134; Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; United States v. Di Re, 1948, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; Husty v. United States, 1931, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Dumbra v. United States, 1925, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032; Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

Cases in this court include: Campbell v. United States, 1961, 110 U.S.App.D.C. 109, 289 F.2d 775; Hanna v. United States, 1958, 104 U.S.App.D.C. 205, 260 F.2d 723; Bell v. United States, 1958, 102 U.S.App.D.C. 383, 254 F.2d 82, certiorari denied 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113; Ellison v. United States, 1953, 93 U.S.App.D.C. 1, 206 F.2d 476; Mills v. United States, 1952, 90 U.S.App. D.C. 365, 196 F.2d 600, certiorari denied

344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643.

Yet other cases in this court, touching upon police inquiry before arrest, include: Ellis v. United States, 1959, 105 U.S.App. D.C. 86, 88, 264 F.2d 372, 374, certiorari denied 359 U.S. 998, 79 S.Ct. 1129, 3 L. Ed.2d 986; Green v. United States, 1958, 104 U.S.App.D.C. 23, 24, 259 F.2d 180, 181, certiorari denied 1959, 359 U.S. 917, 79 S.Ct. 594, 3 L.Ed.2d 578; Lee v. United States, 1954, 95 U.S.App.D.C. 156, 157, 221 F.2d 29, 30.

[2]. Henry v. United States, 1959, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134.

[3]. In our statement and discussion of the circumstances we purposely omit all reference to and consideration of subsequent events, such as statements by the accused, further investigations, and other circumstances pertinent to the problem of guilt or innocence.

ated is the impression upon the mind of a reasonably prudent police officer; and that the impression made upon him by the circumstances is a reasonable belief that a crime has been, is being, or is about to be committed. In the case at bar the police officers concluded that the circumstances indicated reasonable probability of a criminal offense. When their initial attempts at inquiry were ineffective, they took the suspects into custody. We think they decided correctly and acted correctly. We think an arrest was justified. Four men, one known to be a safebreaker, meeting upon signal, handling women's clothes, including a fur piece, bearing price tags or labels, on the curb of a narrow street at midnight, could well induce a reasonably prudent police officer to conclude that a larceny, robbery, housebreaking, or some similar offense had been, was being, or was about to be committed. Reasonable probability is all that is required.

The judgment of the District Court is Affirmed.