Thomas C. KEININGHAM, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16981.

United States Court of Appeals District of Columbia Circuit.

Argued June 29, 1962.

Decided July 19, 1962.

Petition for Rehearing En Banc Denied En Banc Sept. 18, 1962.

Mr. Kenneth D. Wood, Washington, D. C., for appellant.

Mr. William C. Wetzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellee. Mr. John R. Schmertz, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

This is a paid appeal from judgment of conviction after trial before Judge Youngdahl without a jury. Our disposition of the case makes it important to relate the facts and circumstances, particularly in view of the observations in the opinion in Coppedge v. United States,

369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).[1]

The District Judge's memorandum opinion contains his finding of facts:

"The pertinent facts in this case are as follows: At approximately 2:35 P.M. on December 11, 1961, Deputy Chief John Layton of the Gambling Squad, Metropolitan Police Department, had occasion to be on the 700 block of 12th Street, N.W. in the District of Columbia. At that time he observed defendant Keiningham alighting from a cab together with another individual whose identity is unknown. Defendant carried a rather large brown briefcase. Keiningham and Layton passed close to each other. Layton testified that Keiningham saw him at that point. The police officer had had previous professional contacts with the defendant and knew him as a frequent violator of the District's gaming laws. Layton proceeded up the street but stopped and looked back at the defendant Keiningham had now situated himself between the show windows of a book store; the briefcase was no longer in his hand. Layton walked back toward the defendant and observed that the briefcase had been placed on the public sidewalk several feet from the defendant. As Layton approached Keiningham, the following conversation ensued:

"Layton: 'Hello Tom'.

"Keiningham: 'Hello Inspector.'

"Layton: 'What are you carrying?'

Keiningham then patted his coat and pants pockets and said, 'Nothing'.

\* \* \* \* \* \*

"Layton: 'Hadn't you just carried that [briefcase] from the cab?'

"Keiningham: 'No, I don't know anything about the briefcase.'

"Layton: 'Do you have any idea what it contains?'

"Keiningham: 'No, I don't know anything about it.'

"Layton then remarked that it was careless to leave something like that around and that it might contain valuables.

"Keiningham: 'I have no idea, why don't you examine it'.

"Layton then looked inside the briefcase and observed a quantity of money as well as slips and records readily identifiable as 'numbers' paraphernalia. He then placed defendant under arrest; the time was 2:40 P.M."

It was stipulated that the briefcase contained slips, notations and receipts used in a numbers lottery and testimony showed 797 slips representing $4201.99 of play and that these papers showed 104 codes indicating 104 individual "writers." The arresting officer testified that he did not arrest or even touch appellant until after he observed the incriminating contents of the briefcase. Appellant who did not testify, now urges that he was under arrest as soon as the officer asked a question about the briefcase.

Against the background of these undisputed facts it is clear (1) that the circumstances warranted the officer in making some inquiry about the ownership of the briefcase which was being abandoned in the presence of the officer, (2) that no arrest was made when the questions were asked, (3) that in view of appellant's denial of ownership or knowledge of the briefcase, which the officer had seen in his hand moments before, the officer's personal observations warranted, if not compelled, further inquiry, (4) that, in any event, the officer was justified in accepting appellant's

1. Until recently there was no occasion for this court to dismiss paid appeals as "frivolous" since there was no occasion for us to examine into the facts or merits until all briefs and other papers were filed and the case was argued. We usually disposed of such a case with a very short per curiam memorandum opinion.

suggestion that he "examine it," (5) that the officer's observation of the contents disclosed commission of a crime, and appellant's possession of those materials implicated him directly and provided abundant probable cause for immediate arrest at that point. Campbell v. United States, 110 U.S.App.D.C. 109, 289 F.2d 775 (1961); Dixon v. United States, 111 U.S.App.D.C. 305, 296 F.2d 427 (1961); Goldsmith v. United States, 107 U.S.App.D.C. 305, at 314, 277 F.2d 335, at 344, cert. denied 364 U.S. 863, 81 S.Ct. 106, 5 L.Ed.2d 86 (1960); Ellis v. United States, 105 U.S.App.D.C. 86, 264 F.2d 372, cert. denied, 359 U.S. 998, 79 S.Ct. 1129, 3 L.Ed.2d 986 (1959); Green v. United States, 104 U.S.App. D.C. 23, 259 F.2d 180 (1958), cert. denied, 359 U.S. 917, 79 S.Ct. 594, 3 L.Ed. 2d 578 (1959); Lee v. United States, 95 U.S.App.D.C. 156, 221 F.2d 29 (1954); Brooks v. United States, 159 A.2d 876 (D.C.Mun.App.1960); Dickerson v. United States, 120 A.2d 588 (D.C.Mun.App. 1956); see Nash v. United States, No. 16015, D.C.Cir., aff'd by order, Feb. 14, 1961, but see facts disclosed in Joint Appendix.

On this record the appeal should be dismissed as frivolous and an order to that end will be entered.

Appeal dismissed as frivolous.

Before WILBUR K. MILLER, Chief Judge, EDGERTON, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER and WRIGHT, Circuit Judges, in Chambers.

### ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing en banc, it is

ORDERED by the court that the petition be, and it is hereby, denied.

---

1. "Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right. That is, a defendant has a right to have his conviction reviewed by a Court of Appeals, and need not petition that court for an exercise of its discretion to allow him to bring the

BAZELON, Circuit Judge.

This paid appeal from a judgment of conviction was fully briefed and argued before a division of this court which considered the issues presented and entered an opinion finding them to be without merit. Instead of following the usual course of affirming the judgment of conviction, however, the court dismissed the appeal as frivolous.

Since the merits of the case were fully briefed, argued, and considered by the court, I see no significant difference in the result, as it affects appellant, between dismissal and affirmance. The critical fact is that appellant has had his day in court. If he had not, then wholly different consideration would apply. See Coppedge v. United States.[1]

case before the court. The only requirements a defendant must meet for perfecting his appeal are those expressed as time limitations within which various procedural steps must be completed." 369 U.S. 438, 441–442, 82 S.Ct. 917, 919, 8 L.Ed. 2d 21 (1962).