Samuel J. D. WILLIAMS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16821.

United States Court of Appeals District of Columbia Circuit.

Argued June 27, 1962.

Decided Aug. 2, 1962.

Petition for Rehearing Denied Oct. 11, 1962.

Mr. John T. Rigby, Washington, D. C., with whom Mr. Paul A. Porter, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Judah Best, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

Appellant challenges his arrest and the admissibility of evidence flowing therefrom on the ground the arresting officer lacked personal knowledge which gave probable cause for arrest, even though another officer assigned to the investigation admittedly possessed such knowledge. The questions respecting the suppression of a pistol as evidence against appellant and testimony as to pre-trial identification by the complaining witness are resolved if probable cause existed.

On March 9, 1961, appellant was arrested by Sgt. Sadler of the District of Columbia Metropolitan Police Department after complaint of a housebreaking and assault had been received. At the time of arrest Sadler knew that this housebreaking and assault had been committed, and it was also known to him that

Sgt. Talbot of the Metropolitan Police Department wanted appellant for this crime. Earlier on the day of the arrest Sgt. Talbot had learned from the complaining witness, Mr. Hurt, that two men had broken into his house, shot and robbed him and he recognized the two men as men who had been employed by a contractor named Frazier to perform repair work on Hurt's home a few weeks earlier. Hurt described appellant in detail. On the basis of this information, Sgt. Talbot located Frazier, who said the description fitted appellant. He and Talbot then cruised the area in a police car in an effort to find the appellant. Talbot was called away on another case but Frazier continued the search under directions to call the police if he found the appellant. Shortly thereafter Frazier contacted Sgt. Sadler and told him where appellant could be found and guided Sadler to the house where appellant was known to be visiting. Sadler at that time knew the appellant was wanted by the police without knowing the details of the crime or why appellant was suspected of the crime.

Appellant concedes that Sgt. Talbot had probable cause to arrest but contends that the arresting officer, Sadler, did not have adequate first hand information and was acting on only Talbot's instructions.

■ We have set forth appellant's contentions in some detail because they are relatively novel claims. We avail ourselves of the occasion to make it clear that in a large metropolitan police establishment the collective knowledge of the organization as a whole can be imputed to an individual officer when he is requested or authorized by superiors or associates to make an arrest. The whole complex of swift modern communication in a large police department would be a futility if the authority of an individual officer was to be circumscribed by the scope of his first hand knowledge of facts concerning a crime or alleged crime.

■ When the police department possesses information which would support an arrest without a warrant in the circumstances, the arresting officer, if acting under orders based on that information, need not personally or first hand know all the facts. The test, as we have said, is whether a prudent and cautious officer in those circumstances would have reasonable grounds—not proof or actual knowledge—to believe that a crime had been committed and that appellant was the offender. Jackson v. United States, 112 U.S.App.D.C. 260, 302 F.2d 194 (1962); Dixon v. United States, 111 U.S.App.D.C. 305, 296 F.2d 427 (1961); Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958).

Affirmed.