**UNITED STATES of America,
Plaintiff,**

v.

**John Wesley RODGERS, Defendant.**

**No. 65 Cr 151(2).**

United States District Court
E. D. Missouri, E. D.

Oct. 11, 1965.

Richard D. FitzGibbon, Jr., U. S. Atty., William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Forriss D. Elliott, St. Louis, Mo., for defendant.

MEREDITH, District Judge.

This matter is pending on defendant's motion to suppress evidence and on the guilt or innocence of the defendant. Defendant, having waived indictment, was charged by information with violation of 26 U.S.C. § 5851 for possessing a shotgun made in violation of 26 U.S.C. § 5821. The defendant having waived a jury, the entire matter was tried to the Court. The Court finds the following facts:

On June 16, 1965, a 1960 white Buick convertible, bearing license number XLO–698, was stolen in St. Louis, Missouri. At some time between 7:00 a. m. and 9:00 a. m., on June 17, 1965, three members of the Missouri Highway Patrol stationed at Rolla, Missouri, received a stolen car broadcast describing a number of cars. The white Buick convertible reported stolen from St. Louis was included in this broadcast. All three of these troopers testified as to what occurred. Later in the day, between 2:30 p. m. and 3:00 p. m., these officers were operating a radar check on Highway 66, west of Rolla, Missouri. Trooper Hoffman was manning the radar car. Sgt. Englehardt was about seven-tenths of a mile west of Trooper Hoffman questioning an out-of-state violator. Trooper Lawyer was about ninety-five feet west

of Sgt. Englehardt. When defendant passed Trooper Hoffman, he was violating no traffic regulations, but, noting the passing car as being a 1960 white Buick convertible similar to the car previously reported stolen, Trooper Hoffman radioed Sgt. Englehardt and Trooper Lawyer that the 1960 white Buick convertible would be a good "check for an item", meaning that the car fit the description of one of the cars on their list of stolen autos. Trooper Lawyer accordingly stopped the car and asked to see the defendant's driver's license. The defendant replied he did not have it with him; that he had left it in St. Louis. Trooper Lawyer then told the defendant he would have to wait beside the highway for a few minutes while he checked out a few things. Trooper Lawyer then returned to his car and radioed headquarters for a check on defendant's driver's license and the license number of the car. Trooper Lawyer received information back that the car was stolen. Thereafter, the defendant was placed under arrest and handcuffed.

Following confirmation of the car being stolen, and after the arrest, Trooper Hoffman entered the white Buick in order to drive it to Troop I Headquarters. Upon entering, he saw the butt of the sawed-off twelve-gauge shotgun protruding from a paper sack shoved partially under the front seat. He did not pull the gun out at that time, but drove on to Troop I Headquarters. At headquarters, Trooper Lawyer conducted a search of the car and seized the shotgun here sought to be suppressed. The shotgun was loaded with two shells and the left hammer was missing.

At headquarters the defendant was searched and in his pocket were found two twelve-gauge shotgun shells and the left hammer of the gun in question.

The defendant's motion to suppress can be sustained only if the arrest was illegal. If this was a lawful arrest, the seizure of the shotgun was valid as being incidental to that arrest. The Court is aware of the Supreme Court's decision in Preston v. United States, 376

U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), dealing with the reasonableness of searches of autos at a time and place different from that of the arrest. And, it is true that this weapon was not seized until after the trooper had driven the auto to headquarters, several miles distant from the arrest scene. But, Trooper Hoffman saw this gun when he entered the car. It is not reasonable to say that upon arrival at headquarters he should have left the gun in the car while he went to obtain a search warrant. The Court does not feel that this seizure violated the test of reasonableness in relation to incidental search and seizure, as laid down in the Preston case.

██ This matter must turn, then, upon a determination of the time of the arrest and whether probable cause existed at that time. A person is under arrest when he "understands that he is in the power of the one arresting and submits in consequence." Kelley v. United States, 111 U.S.App.D.C. 396, 298 F.2d 310 (1961). The defendant contends that the arrest took place when Trooper Lawyer stopped the car defendant was operating, and that probable cause did not exist at that time. Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959), is cited in support of that contention. However, the Henry case does not require the conclusion urged by defendant. Arrest has always depended on the facts of each case: the attitude of the officer, the circumstances under which he confronts the person, the reasonable reaction of that person to the officer's actions, etc. The subsequent case of Rios v. United States, 364 U.S. 253, 262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960), establishes that the time of arrest cannot be determined simply from the fact that an auto was stopped; an evaluation of all the facts is essential to such a determination. (See Rios v. United States, 192 F.Supp. 888 (S.D.Calif.1961), for the further consideration of the time of arrest on remand.) Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), and the concurring opinion of Mr. Justice Burton at page 178, 69

S.Ct. at page 1312 provides support for the proposition that there are occasions when an officer may stop a car and interrogate the driver even though he does not have probable cause for arresting the driver at the time. In Keiningham v. United States, 113 U.S.App.D.C. 295, 307 F.2d 632 (1962), it was held that circumstances may justify stopping a pedestrian to make an inquiry and that brief detention for purposes of inquiry does not necessarily constitute an arrest. The Court is of the opinion that the right to stop and inquire is particularly applicable to state officers charged with the duty of enforcing a broad range of traffic regulations. The Court takes notice of the fact that in most such cases the police officer does not have the intention of arresting the motorist when he stops him, nor does the motorist consider himself as being under arrest simply because he has been stopped. Accordingly, we find that the action of Trooper Lawyer in stopping this car was reasonable and did not constitute an arrest.

██ The Court finds that the arrest of the defendant took place at the time defendant was handcuffed, which was after the trooper had received confirmation that the car being operated by the defendant was a stolen automobile. This information clearly provided ample probable cause to justify the arrest. Thus, the Court finds that the defendant was lawfully arrested. Even if we were to assume that the arrest took place when the trooper told the defendant to wait on the highway, the arrest would still be supported by probable cause. R.S.Mo. 1959, § 302.181(2), V.A.M.S., makes the failure to display a driver's license upon proper demand presumptive evidence that the person is not a duly licensed operator of a motor vehicle. The defendant did not have a driver's license in his possession when he was stopped by Trooper Lawyer. Therefore, there was probable cause at that time to believe defendant was in violation of R.S.Mo. 1959, § 302.020, V.A.M.S., which makes it unlawful to drive any vehicle upon

the highway without a valid driver's license.

Having found the arrest to be valid, the defendant's motion to suppress must be denied. The Court further finds that the defendant was in possession of the shotgun as charged in the information. An appropriate order and judgment will be entered.