**James DUPREE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 18558.

United States Court of Appeals Eighth Circuit.

July 18, 1967.

John J. Collins, Clayton, Mo., for appellant.

Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for appellee. Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., with him on the brief.

Before VAN OOSTERHOUT, MATTHES and LAY, Circuit Judges.

LAY, Circuit Judge.

Appellant, who had prior convictions of felonies, appeals a guilty verdict under Tit. 15 U.S.C. § 902(e) for trans-

porting in interstate commerce a firearm, a .25 caliber Rigarimi semi-automatic pistol. At the trial, as well as in a pre-trial hearing on a motion to suppress evidence, appellant claimed the pistol was obtained by illegal search and seizure arising out of his illegal arrest. The trial court overruled the motion to suppress and allowed the firearm to be admitted in evidence. Appellant renews this contention on appeal. We affirm the judgment below.

The facts are basically undisputed with one exception. On May 25, 1966, at approximately 2:50 a. m., appellant was seen walking in a commercial area in downtown St. Louis. Two police officers approached him in a cruiser car. The area had been recently burglarized. The officers, seeing appellant, stopped their car to question him. In response to their questions appellant stated his name, saying he had just come in on a bus from San Francisco, California, and was looking for a hotel. The officers were both out of the car when appellant was asked if he was carrying a weapon. The officers testified that appellant abruptly stepped back and reached for his right coat pocket. One of the policemen immediately grabbed his arm while the other pulled his service revolver, and appellant stated, "I'll get it. I'll get it." The officer removed the weapon from appellant's jacket pocket, and effected his arrest for carrying a concealed weapon in violation of Missouri law. Subsequently, appellant was charged under federal law pursuant to Tit. 15 U.S.C. § 902(e).

On the motion to suppress, appellant testified that the officer driving the car got out with his pistol drawn before appellant was asked about the weapon. This was denied by the police. Appellant agreed he did step back, at first saying he did so because he did not want the officers to know about the gun. Later on cross-examination he stated he did it in order to drop his gun to the ground. Judge Meredith, the able and learned trial judge, denied the motion to suppress, holding that defendant's version was not credible, and that there existed probable cause for the arrest.

The critical question arises as to when the arrest of appellant took place. Appellant claims the arrest was illegal, since it took place at the time he was first detained and without probable cause. The government observes, however, that the arrest did not occur at the time of the preliminary questioning. The officers state the arrest took place at the time appellant reached for his pocket and made an abrupt and dangerous move. This movement took place when Dupree was asked by the officers whether he was carrying a weapon.

■■ If the search and seizure was not remote but incident to a legal arrest, the evidence obtained is admissible. Compare Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967) with Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). See also Schook v. United States, 337 F.2d 563 (8 Cir. 1964); Vincent v. United States, 337 F.2d 891 (8 Cir. 1964); Harris v. Stephens, 361 F.2d 888 (8 Cir. 1966). If the arrest was made without probable cause the evidence seized must be suppressed. See Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Pigg v. United States, 337 F.2d 302 (8 Cir. 1964). These rules are to be applied under practical guidelines. As the Supreme Court said in Brinegar v. United States, 338 U.S. 160 at 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), quoted with approval in Beck v. State of Ohio, 379 U.S. 89 at 91, 85 S.Ct. 223 at 226, 13 L.Ed.2d 142 (1964):

" 'The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating * * * often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.' "

██ When the arrest is made by state officers [1] "the question is whether under federal law the officers had probable cause for making the arrest without a warrant." Vincent v. United States, supra; Harris v. Stephens, supra. The search must be "reasonable" under the Fourth Amendment. Cooper v. State of California, supra; Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).

██ Every officer has the right to arrest and make search when he feels his life is in danger. The Supreme Court said in Preston v. United States, 376 U.S. at 367, 84 S.Ct. at 883:

"The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime— things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control."

Mere questioning absent a submissive feeling of forced detention does not constitute an arrest.[2] Judge Mehaffy stated in Schook v. United States, 337 F.2d at 566:

"Executing permissible police procedure to safeguard the community against criminal activity, the police officer was only attempting to routinely question persons under suspicious circumstances to ascertain their identity and actions. Arrest connotes restraint and not temporary detention for routine questioning."

See Rios v. United States, supra; Busby v. United States, 296 F.2d 328 (9 Cir. 1961); Keiningham v. United States, 113 U.S.App.D.C. 295, 307 F.2d 632 (1962); United States ex rel. Robinson v. Fay, supra.

██ We feel the trial court applied the proper legal standards to the facts of the case. The evidence obtained was properly seized incident to a legal arrest made.

Judgment affirmed.

---

1. Clearly the officers were proceeding in accordance with state law. The law in Missouri is laid out rather fully in the case of State v. Sampson, 408 S.W.2d 84 (Mo.Sup.Ct.1966), a case similar on its facts to the instant case. The defendant in that case was approached by policemen in St. Louis for suspicious actions late at night, and without a word being spoken, when he saw the officers approaching him "went for his right trouser pocket." 408 S.W.2d 86. One officer grabbed his arm, and when the officer searched him, he found in that pocket a knife over 9 inches in length. The court held that the officers had the requisite reasonable grounds to believe that an offense was being committed in their presence, and that the search without a warrant was therefore lawful. See also, State v. Jefferson, 391 S.W.2d 885 (Mo.Sup.Ct.1965); State v. Vollmar, 389 S.W.2d 20 (Mo.Sup.Ct.1965); and State v. Edmonson, 371 S.W.2d 273 (Mo.Sup.Ct. 1965).

In the instant case, the defendant was arrested for carrying a concealed weapon, although he was not tried for that offense. However, this is irrelevant, for a "search is not invalidated because it revealed an additional and different offense." United States ex rel. Robinson v. Fay, 239 F.Supp. 132 (S.D.N.Y. 1965).

2. Henry v. United States, supra, is cited by appellant for the idea that mere detainment for questioning constitutes an arrest. However, in Henry, the government conceded throughout the proceedings the arrest was made at the time of the original detainment. The Supreme Court held the officers were without probable cause. See Busby v. United States, 296 F.2d 328 (9 Cir. 1961). Later cases, particularly Rios v. United States, supra, indicate that detainment for questioning alone does not necessarily amount to an arrest. See also United States v. Rios, 192 F.Supp. 888 (S.D.Cal. 1961), where upon rehearing on the motion to suppress the district court ruled the search incident to a valid arrest.