GEORGE MORRIS *v.* STATE OF MARYLAND

[No. 249, September Term, 1967.]

*Decided June 3, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Harold Buchman* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William B. Whiteford, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Allan B. Lipsom, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellant was convicted of obtaining money under false pretenses from the Baltimore City Welfare Department on the basis of testimony which established that while he was receiving Welfare payments under the name of George Chesnut, he failed to notify the Department that he was at the same time receiving income from gainful employment under the name George Morris.

As a part of its proof that the Appellant on occasion had used the name George Morris, the State offered in evidence several statements which were produced by an attorney who had formerly represented the Appellant in a civil matter, which statements bore the signature, George Morris. Also, the attorney's receptionist was pemitted to testify, over objection, that the Appellant was known to her both as George Morris and as George Chesnut and that the office files indicated that he used both names. The Appellant asserted that his real name was George Chesnut and he denied ever having used the name George Morris. He admitted, however, that the attorney who produced the statements had previously represented him in a civil matter.

254

In this appeal, it is contended that the introduction of statements bearing the signature George Morris and the testimony of the receptionist identifying the Appellant as George Morris and George Chesnut were in violation of the confidential relationship between attorney and client. The statements were offered not for their substance but solely for the purpose of identifying the Appellant as a client who had represented his name to be George Morris. Thus, the question for determination is whether the identity of a client is protected by the privilege which ordinarily attaches to communications arising out of the attorney-client relationship. While the issue appears to be one of first impression in this State, it has been the subject of decision in a number of jurisdictions throughout the Country.

The principle of the attorney-client privilege is grounded in the common law, and, according to Professor Wigmore, its history goes back at least to the reign of Elizabeth I. See 8 *Wigmore, Evidence,* Sec. 2290 (McNaughton, rev. 1961). In some States the privilege has been recognized and regulated by statute; but by and large, the common law principle has remained unchanged even in those states which have enacted specific statutes since they have been interpreted as simply reflecting the common law doctrine. Professor Wigmore phrases the principle as follows (supra, Sec. 2292):

> "(1) Where legal advice of kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived."

It is apparent from the foregoing statement that what is sought primarily to be protected are the communications between the client and the attorney, the modern theory being that an individual in a free society should be encouraged to consult with his attorney whose function is to counsel and advise him and he should be free from apprehension of compelled disclosures by his legal advisor. Miller, *The Challenge to the Attorney-Client Privilege,* 39 Va. L. R. 262, 268 (1963). However, since resort to the privilege obviously tends to stifle the truth, which is what courts are seeking to ascertain, the privilege is not with-

out limitations. See *McCormick, Evidence,* Sec. 94. Thus, in *Coulton v. United States,* (C.C.A. 2d) 307 F. 2d 633, Cert. Den. 371 U. S. 951, Chief Judge Lumbard, after reciting the attorney-client privilege, stated (p. 637) :

> "But, although the word 'communications' must be broadly interpreted in this context, see 8 Wigmore, Evidence, Sec. 2306 (McNaughton, rev. 1961), the authorities are clear that the privilege extends essentially only to the substance of matters communicated to an attorney in professional confidence. Thus the identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, even though the fact of having retained counsel may be used as evidence against the client."

It appears, therefore, to be well settled that "the rule making communications between attorney and client privileged from disclosure ordinarily does not apply where the inquiry is confined to the fact of the attorney's employment and the name of the person employing him since the privilege presupposes the relationship of client and attorney and therefore it does not attach to its creation." See collection of cases in Anno.—Disclosure of Client's name or business, 114 A.L.R. 1332. See also 3 *Wharton's Criminal Evidence,* Sec. 809 (Anderson's Edition) ; *Wigmore,* supra, Sec. 2313 ; *McCormick,* supra, Sec. 94 ; 97 C.J.S. *Witnesses,* Sec. 283 e.

Most of the authorities agree that there may be special circumstances under which the revelation of a client's identity may violate the attorney-client privilege, as for example, where so much of a confidential communication has already been disclosed that revealing the identity of the client would amount to a full disclosure of the confidential communication. *NLRB v. Harvey,* (C.C.A. 4th) 349 F. 2d 900. In the case at bar, however, no special circumstances are present. We think it is clear that the substance of the statements upon which the Appellant's signature appeared was not placed in evidence, the purpose of offering them being solely to identify the Appellant. His objection goes only to the signatures which constituted evidence that the

Appellant had previously represented his name to be George Morris and which afforded an opportunity to compare those signatures with those of the endorsements on the Welfare checks and the employers checks. It is apparent, therefore, that the revelation of the Appellant's identity by the attorney's receptionist and the production of the Appellant's signatures, under the circumstances here existing, did not constitute a violation of the confidential relationship between the Appellant and his previously employed attorney and, accordingly, his objection to their admission is without merit.

*Judgment affirmed.*