Raymond T. DAVIS, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

Kenneth M. SAMS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 21949, 22208.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 17, 1969.

Decided Feb. 18, 1969.
Certiorari Denied June 9, 1969.
See 89 S.Ct. 2031.

---

Mr. William W. Scott, Washington, D. C. (appointed by this court), for appellants.

Mr. Harvey S. Price, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BURGER, TAMM and ROBINSON, Circuit Judges.

BURGER, Circuit Judge:

This appeal follows Appellants' jury conviction for robbery. 22 D.C.CODE 2901 (1967).

At approximately 2:50 P.M. on October 3, 1966, Detectives Best and Crockett, who were driving a private car and dressed in plain clothes pursuant to their assignment to the robbery squad of the Metropolitan Police Department, observed Appellants, who were known to them to be pickpockets, walking toward an intersection. Both Appellants wore trench coats on the warm afternoon, and upon reaching a bus stop, they stopped and separated. The detectives halted their car and observed that when a bus approached Appellant Sams entered in front of the victim while Davis followed directly behind him and "bumped into him." Sams stopped at the driver's seat and blocked the path; as the victim stopped, Davis "brushed up against [the victim]."

Alerted by these observations the officers followed the bus in their car and shortly thereafter the detectives observed the Appellants leaving the bus through separate doors. The detectives parked and approached the Appellants. Seeing them, Davis "began to back away" but was held by Detective Best and placed under arrest. Detective Crockett called Appellant Sams by name but was unable to apprehend him as he fled. Davis was searched and a key case, later identified as one the victim had been carrying in a rear trouser pocket, was recovered from Davis' right rear pocket. Although the victim remembered being pushed while entering the bus, he thought nothing of it at the time and did not discover the loss until he arrived at home.

On appeal, Appellants assert that the District Court erred in denying their motion to suppress the key case on the grounds of lack of probable cause for the arrest. This claim is readily disposed of by reference to our decision in Jackson v. United States, 112 U.S.App. D.C. 260, 262, 302 F.2d 194, 196 (1962), where we noted that probable cause exists where the officer "in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person

to be arrested." Accord, e. g., Dixon v. United States, 111 U.S.App.D.C. 305, 296 F.2d 427 (1961). To these trained officers, this was a typical pickpocket set-up. In addition, they knew that Appellants were pickpockets—Detective Crockett knew Sams well enough to call him by name. We need not blindfold the police, nor ask them to abandon their experience when they encounter situations which call for the effective intervention they initiated here.

The test of probable cause is not what reaction victims—or judges—might have but what the totality of the circumstances means to police officers. Conduct innocent in the eyes of the untrained may carry entirely different "messages" to the experienced or trained observer.[1] This criterion has been utilized repeatedly, and only the continuation of claims such as Appellants urge on us make it necessary to reiterate this standard.

■ Appellants also claim error in the trial court's denial of their motion for acquittal thereby allowing the jury to return a verdict on the crime of robbery when no evidence was allegedly introduced at trial establishing that anyone took a key case from the complaining witness as required by Section 2901. On the facts presented at trial, sufficient evidence was adduced to support an inference that Appellants intentionally took the property from the complainant. No alternative theory for Davis' possession of the key case was offered, *see* Vaughn v. United States, Nos. 21,066, 21,067 (D.C. Cir. May 2, 1968); moreover, the peculiar actions of Appellants, Davis' contact with the victim, and testimony as to their actions on being approached by the officers provided an abundant basis for the jury to fill in the gaps by the reasonable inference that the Appellants had considerable to do with the change in the possession of the victim's property. The evidence met the demands of the statute. *See, e. g.,* Jackson v. United States, 123 U.S.App.D.C. 276, 359 F.2d 260, cert. denied, 385 U.S. 877, 87 S.Ct. 157, 17 L.Ed.2d 104 (1966).

Affirmed.

---

1. In his opinion dissenting from the Court's approval of an arrest made on "the mere word of an informer" in Draper v. United States, 358 U.S. 307, 323, 79 S.Ct. 329, 338, 3 L.Ed.2d 327 (1959), Mr. Justice Douglas acknowledged:

   The Court is quite correct in saying that proof of "reasonable grounds" for believing a crime was being committed need not be proof admissible at the trial. It could be inferences from suspicious acts, e.g., consort with known peddlers, the surreptitious passing of a package, an intercepted message suggesting criminal activities, or any number of such events coming to the knowledge of the officer.