UNITED STATES of America
v.
John R. JOHNSON, Appellant.

No. 71–1279.

United States Court of Appeals, District of Columbia Circuit.

Feb. 23, 1972.

Mr. Robert T. Gaston, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and John A. Terry, Daniel E. Toomey, and Harry J. McCarthy, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant's conviction of carrying a pistol without a license in violation of D.C.Code § 22–3204 is attacked upon the sole ground that probable cause was not shown to have existed for his arrest (on a narcotics charge) which resulted in finding the pistol on his person. After a full hearing Judge Waddy ruled that probable cause did exist and he accordingly denied appellant's motion to suppress the admission of the pistol into evidence.[1] We affirm.

On March 30, 1970, Sergeant Hankins and other members of the Narcotics Branch of the District Police Force approached a pool hall from the sidewalk in front of the building. The Sergeant was dressed in plain clothes and was wearing a coat and tie, while most people in the area were dressed more casually (Tr. 12). "This is an area where trafficking in narcotic drugs is quite heavy. . . . [The pool room] is frequented quite a bit by people involved in the narcotics trade. . . . [Sergeant Hankins had] made arrests in front of this poolroom and . . . assisted other officers in the poolroom . . . [and Hankins was] known in that area as a narcotics officer" (Tr. 9). As Sergeant Hankins approached the outside "glass front" of the pool room, when he was approximately three or four feet from the door (Tr. 17), he observed through the window that appellant looked at him (Tr. 21) and then made an underhanded (Tr. 19) motion with his left hand "like something was going from his hand, toward the front" (Tr. 10) of the pool room.[2] The glass front of the window was painted over "a part of the way up" so that Sergeant Hankins was only able to observe the mid-portion of appellant's forearm to a point about three inches below his elbow (Tr. 18). He thus did not see his hand and did not see whether he had any object in his hand when he made the "underhanded throwing" (Tr. 19) motion toward the front of the pool room. A number of other people were in the pool room at the time (approximately 12 or 15, Tr. 15), with the nearest person being about two or three feet behind appellant, but Sergeant Hankins did not see any other person make any similar throwing motions as he entered the pool room a few seconds after he observed appellant do so. On entering the pool room he went to the area approximately two or three feet from appellant (Tr. 17) where any items that appellant threw "should have been" (Tr. 10) and there observed a Kool cigarette package on the floor about two or three feet in front of appellant. There were no other articles near the area of the Kool package (Tr. 14, 19). He picked up the Kool package, examined it and found inside a cream colored envelope containing a white powder. Appellant then exclaimed, "Don't give that to me" (Tr. 10–11).

The foregoing facts led Sergeant Hankins to conclude that the Kool package most likely contained narcotics and that it had been thrown by appellant, and he accordingly undertook to arrest him. A struggle ensued and as appellant was being subdued a loaded pistol became dislodged from his clothing and fell to the floor. The instant conviction was for possession of this pistol at this time.

1. Appellant was sentenced to a prison term of 18 months to 5 years, in view of a prior conviction for robbery on January 13, 1961.

2. The witness demonstrated the manner in which appellant acted (Tr. 18). There is no description in the record of the act other than that it was "sort of underhanded throwing" (Tr. 19).

Appellant now attempts to overly fragment his conduct in an effort to have us find that probable cause was not proven since no separate fact singly constituted probable cause. However, probable cause is best determined by viewing the facts as a whole. Hinton v. United States, 137 U.S.App.D.C. 388, 391, 424 F.2d 876, 879 (1969); Dixon v. United States, 111 U.S.App.D.C. 305, 306, 296 F.2d 427, 428 (1961). When this is done we see no reason to question the finding of the trial judge that Sergeant Hankins under the circumstances had reasonable grounds to believe that appellant was guilty of an offense. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Bailey v. United States, 128 U.S.App.D.C. 354, 357–358, 389 F.2d 305, 308–309 (1967). In coming to this conclusion we recognize the superior opportunity of the police officer to make an on-the-spot conclusion from a number of factors that appear more vividly to an active trained observer than it is possible to reconstruct accurately in any court room. These factors here included: (1) the "look" on appellant's face when he observed Sergeant Hankins through the window; (2) appellant's observed physical reaction to seeing Sergeant Hankins; (3) the extent to which Sergeant Hankins might have concluded that appellant's throwing motion was furtive; (4) the exact relationship that the position of the Kool package on the floor bore to appellant's location when he was observed to move his arm and to the resulting path of the throwing line which might have resulted from such movement; (5) the exact location of other persons in the room, with reference to their proximity and the direction in which they were facing or moving; (6) the location of any other articles on the floor in the general area; and (7) the location of any articles of furniture (pool tables, counters, chairs, etc.) in the room that might have made it possible or impossible for others to have discarded the package. It was also possible for Sergeant Hankins to conclude that when appellant said, "Don't give that to me," he indicated guilty knowledge that the contents of the Kool package were illegal narcotics. This is not a necessary conclusion from appellant's statement but, depending upon the tone of voice and the timing of the remark with relation to Sergeant Hankins' discovery of the contents, it is a permissible conclusion. It also may or may not be conclusive, but it was one factor that Sergeant Hankins was permitted to take into consideration in coming to his conclusion to arrest appellant. We accordingly affirm the judgment of the trial court.

*Affirmed.*