188 So.2d 353 (1966)
Robert NELSON, Jr., and Tony E. Gaines, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 65-643, 65-644.
District Court of Appeal of Florida. Third District.
June 28, 1966.
*354 Robert L. Koeppel, Public Defender, and Martin L. Sandler, Sp. Asst. Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before CARROLL and SWANN, JJ., and BOYER, TYRIE A., Associate Judge.
PER CURIAM.
On these combined appeals from felony convictions it is contended on behalf of appellants that the arrests, which were made without a warrant, were unlawful, and that a subsequent search and seizure without a search warrant was unlawful and confessions given were not voluntary.
Appellant Nelson was arrested by an officer who had been informed that a robbery had occurred, and who had a description of a participant as to physique, clothing and bloody condition of clothing. The man arrested substantially fitted the description. The arrest without a warrant was authorized in such case by the statute, § 901.15, Fla. Stat., F.S.A. Gaines was arrested without a warrant by a police officer on the direction of a fellow officer that he was wanted for a robbery. An opinion of the Attorney General (1953-1954 Atty.Gen.Rep. 680) which we approve and find applicable here, states as follows:
"When a municipal police officer receives a pick-up notice from another peace officer of Florida showing that a named person is wanted by the officer sending out the pick-up notice for a crime which is a felony under the laws of Florida * * * then I think that the municipal peace officer receiving the notice has reasonable grounds to believe that a felony has been committed and reasonable grounds to believe that the wanted person committed it, and has authority to arrest the wanted person."
In the circumstances disclosed in the record the arrest of Gaines without a warrant was not unlawful. See Johnson v. State, Fla.App. 1966, 183 So.2d 857; Bryant v. State, Fla.App. 1963, 155 So.2d 396. No sufficient ground is disclosed to disturb the ruling of the trial court regarding the subsequent search and holding that the confessions were voluntary, and unlawfully obtained.
No reversible error having been made to appear, the judgments appealed from are affirmed.