PER CURIAM.
Fountain appeals from an adjudication of guilt and three years sentence following a non-jury trial on the charge of buying, receiving or concealing stolen property. The point raised is whether reversible error was committed by the trial court’s denial of his motion to suppress evidence which he claims was the fruit of an unreasonable search and seizure of his automobile without a search warrant.
While on patrol in his patrol car, a detective received a radio message to look for a small red foreign type car with an Alaska license tag and damage on one side. The car was supposed to be occupied by three white males, one of whom was identified in the radio message as Charles Fountain (the appellant). The car was said to contain stolen property and the occupants were reportedly armed, under the influence of alcohol or narcotics, and en route to commit a robbery or other felony. The radio message also stated that a stolen license tag was reportedly secreted in the vehicle so that the men could switch tags after committing their intended crime.
The detective spotted the car and followed it. He noted that it was being operated in an erratic manner as it proceeded down the street. He radioed for back-up units and then attempted to stop the car; however, it continued for several blocks and there was evidence which tended to indicate that the occupants were attempting to flee or escape.
When the car finally stopped, Fountain got out. He admitted that the car was his. The detective arrested Fountain for careless driving, driving without a valid Florida driver’s license, and driving while under the influence of alcohol. Fountain, who was allegedly in a stupor, was advised that his car was going to be searched. No obj ection, *740 or permission, was given, and a search of the car was made at the scene. Nothing was found in the trunk, but when the officers (by this time a back-up unit had arrived) looked under the hood of the car, they found a stolen license tag wrapped in newspaper concealed near the battery box. The officers testified that they had looked under the hood both to take the engine number for inventory purposes, as the car was to be towed away, and to look for the stolen license tag.
After the adjudication of guilt, but during the same trial proceeding, the court requested information concerning the origin of the police bulletin. Officer Minium was thereupon sworn and testified, without objection, that he received the specific information contained in the police radio bulletin from an undisclosed reliable informant. He related the circumstances concerning his obtaining the information and its dissemination. This was the information transmitted by the radio bulletin to the arresting officer. See: Nelson v. State, Fla.App.1966, 188 So.2d 353; Johnson v. State, Fla.App.1966, 183 So.2d 857; McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).
Police officers may make a warrant-less search of an automobile if there exists probable cause to believe that it contains contraband or stolen property. Section 933.19, Florida Statutes, F.S.A.; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Romanello v. State, Fla.App.1964, 160 So.2d 529.
A valid search of a vehicle without a warrant, which is not incidental to an arrest, may be reasonable if based on probable cause. Cuozzo v. United States, 5th Cir. 1963, 325 F.2d 274; Beck v. State, Fla.App. 1966, 181 So.2d 659. See also: Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); People v. Webb, Cal., 56 Cal.Rptr. 902, 424 P.2d 342 (1967). The custody or possession of the car by the police here was directly related to their reasonable belief that it was being used by defendant to carry contraband or stolen property. Abrams v. State, Ga.S. Ct., 154 S.E.2d 443 (1967).
The gist of appellant’s argument, then, seems to be that the search would have been a reasonable one had not the officer discovered in the process of apprehending the defendant that he was also violating the traffic laws, was drunk, and first arrested him for the traffic offense. At this point, it is argued that the search for stolen property ceased to be reasonable because the car became immobile (it was to be towed away) and a search warrant should have been required. We disagree.
It should be emphasized that no argument is made that the traffic arrest was made as a pretext to search the car and both sides agree that the traffic arrest was valid.
Inasmuch as it would have been proper for the officers upon probable cause to stop the appellant’s car and search it without a warrant for the stolen tag, we hold that the traffic arrest has no bearing on the validity of the search and the fruits were properly admissible into evidence. The fact that a search warrant could have been obtained once the appellant had been arrested and the car was set to be towed away does not alter our conclusion, for “[tjhe relevant test is not whether it is reasonable to procure a search warrant but whether the search was reasonable.”' (Emphasis supplied.) United States v. Rabinowitz, 339 U.S. 56, at 66, 70 S.Ct. 430, 435, 94 L.Ed. 653, at 660.
In Crawford v. Bannan, 6th Cir. 1964, 336 F.2d 505, the court, relying on Rabinowitz, supra, sustained the validity of a warrantless search of Crawford’s car as “incidental and contemporaneous with” Crawford’s arrest, even though Crawford had already been taken away in a patrol wagon and presumably a search warrant could then have been procured. We find *741 Rabinowitz and Crawford to be persuasive in the case before us.
No reversible error having been demonstrated, the order of the trial court is
Affirmed.