PER CURIAM.
Amos Brown appeals his conviction and sentence following his pleas of nolo con-tendere to the charges of breaking and entering a dwelling with the intent to commit a felony and petit larceny. Brown changed his pleas of not guilty to nolo con-tendere with the stipulation by the State that he reserved the right to appeal the trial court’s denial of his pretrial motion to suppress.
Brown’s conviction stems from a robbery of the home of Morrell, which crime Brown admits by his pleas having committed. Morrell, after seeing Brown enter her home and take certain valuables, called the police and gave a description of the man she saw commit the robbery. Some few minutes later and about two blocks from the Morrell home, Brown, pursuant to such report was stopped by a police officer who had been informed by police radio that the robbery had occurred and who had a description of the participant as to physique, appearance and clothing. Brown, after being given his Miranda rights, voluntarily went to the Morrell home with the officer. Morrell there made positive identification of Brown whereupon he was placed under arrest- and then searched without warrant, which search produced property belonging to Morrell. Brown contends that the description given by Morrell to the police which led to his warrantless arrest and subsequent search and seizure was not in all respects the same as Brown appeared at the time he was stopped and returned to her home and, therefore, he was stopped without probable cause and his subsequent arrest and search and seizure were unlawful and the motion to suppress should have been granted. We do not agree.
The facts disclosed in the record show there was probable cause to stop, detain and question Brown. § 901.151, Fla.Stat. After positive identification there was probable cause to arrest him and a subsequent search and seizure incident to the arrest without warrant was lawful. See Nelson v. State, Fla.App.1966, 188 So.2d 353.
The conviction and sentence are affirmed.