MILLS, Judge.
In this appeal from his conviction for grand theft, Section 812.014, Florida Statutes (1981), Downs contends that the trial court erred in denying his motion to suppress, in denying him his constitutional right to represent himself, and in allowing certain testimony by one of the State’s witnesses. We disagree and affirm.
The record shows that on 11 September 1981, Thomas Fawley was hitchhiking along Interstate 10 in Washington County en route to Jacksonville. With him he carried two suitcases, one containing his clothing and the other containing a set of tools that he used in his employment.
Downs, who was driving east along Interstate 10, stopped and offered Fawley a ride. In the car with Downs was a woman and her 13-year-old son, Parker Altice. While driving down the highway, Downs and Fawley became engaged in conversation. Eventually, Fawley disclosed the fact that one of his suitcases contained a set of tools. According to Fawley, Downs repeatedly offered to buy the tools from him, but Fawley refused.
Downs pulled off of Interstate 10 at the Caryville exit and told Fawley that was as far as he was going. He also told him that he was going to some campsites in Caryville to pick up some personal belongings, following which he and the woman were going to Houston, Texas. Fawley got out of the car and set a beer that he had been drinking on the pavement. As he was about to reach into the back seat for his suitcases, Downs drove off, laughing. The theft took place in Washington County.
After Downs drove away, Fawley ran to a gas station at the bottom of the exit ramp, called the Washington County Sheriff’s Department and reported an “armed robbery.” Washington County deputies *965 were dispatched to investigate. Officer Don Wade of the Holmes County Sheriffs Department, who heard the report go out from the Washington County Sheriff’s Department over his radio, responded and picked Fawley up at the gas station. The two of them went to the Caryville campsites to look for Downs and were met there by two Washington County deputies, Officers Haddix and Haddock. Fawley got into Officer Haddock’s patrol car.
Meanwhile, Officer Kolmetz, an investigator with the Washington County Sheriff’s Department, received the report to be on the lookout for a black Chevrolet driven by a white male with a white female and a white juvenile as passengers. He was proceeding towards the Caryville campsite area where the other units were located when he saw a car matching that description. As he began to give chase, the car stopped. It was being driven by Downs, and it contained the woman and the juvenile. This stop took place in Holmes County.
When Downs got out of the car, Officer Kolmetz told him that a robbery had been reported and that a vehicle matching the description of the one he was driving was involved. Downs volunteered that he had bought several unnamed items from a gentleman for $60. At that point, Officer Haddock arrived at the scene along with Faw-ley. Fawley got out of the car and immediately identified Downs as the one who had driven off with his suitcases. Officer Kol-metz then placed Downs under arrest for grand theft and took him to the Washington County Jail.
Downs signed a “consent to search” form at the jail, giving the officers permission to search his car. Washington County authorities searched the car and found Fawley’s two suitcases containing the tools and clothing.
As he did below, Downs contends on appeal that his arrest, because it was made in Holmes County by a Washington County deputy, was illegal and that the two suitcases and his statement to Officer Kolmetz should have been suppressed as the fruit of that arrest. We disagree.
Based on the information he had, Officer Kolmetz had reasonable grounds to stop Downs’ car pursuant to Section 901.-151, Florida Statutes (1981). It does not matter that the stop took place in Holmes County because law enforcement officers may conduct investigations outside their jurisdiction as long as the subject matter of the investigation originated within their jurisdiction. Wilson v. State, 403 So.2d 982 (Fla. 1st DCA 1980). It is undisputed that the subject matter of this investigation originated in Washington County. Officer Kolmetz was therefore entitled to make this investigatory stop.
Moreover, once Fawley identified Downs, Officer Kolmetz had probable cause to make an arrest. Brown v. State, 315 So.2d 534 (Fla. 3d DCA 1975). This he could do pursuant to his authority to make a citizen’s arrest. State v. Phoenix, 428 So.2d 262 (Fla. 4th DCA 1982). The arrest being legal, the trial court did not err in denying Downs’ motion to suppress.
We also find no merit in Downs’ contention that the trial court erred in denying him his constitutional right to represent himself. It does not appear from the record that he ever unequivocally asserted that right. Rather, the record indicates that he was merely dissatisfied with the attorney appointed to represent him. Downs cannot complain that he was not allowed to represent himself at trial when he never asserted that right below. Raulerson v. State, 437 So.2d 1105 (Fla.1983).
At trial, Parker Altice was allowed to testify over objection that Downs had told him and his mother that if Fawley showed up for the trial, he would simply plead guilty. Downs contends that this was error because withdrawn guilty pleas or offers to plead guilty are inadmissible under Rule 3.170(f), Florida Rules of Criminal Procedure, and Section 90.410, Florida Statutes (1981). This contention is without merit. These statements were made to Parker and his mother. No law enforcement officers were present. Therefore, *966 there was no withdrawn guilty plea or offer to plead guilty.
There being no error below, the conviction is affirmed.
SHIVERS and ZEHMER, JJ., concur.