## STATE OF FLORIDA v GRUBMAN

### Case No. 89-0066-AC A02 (County Court Case Nos. 89-16994-TC A08, etc.)

Fifteenth Judicial Circuit, Palm Beach County

February 14, 1990

### APPEARANCES OF COUNSEL

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellant.

**Frederick R. Susaneck, Esquire,** Law Offices of Essen & Essen, for appellee.

Before CARLISLE, COLBATH, COHEN, JJ.

### OPINION OF THE COURT

J. CARLISLE, Judge.

BY ORDER OF THE COURT:

This is an appeal by the State of Florida of an Order suppressing evidence. It presents two issues. One, whether an offense occurred in

the presence of an officer and two, whether the validity of the arrest is affected by the arrest being made by fellow officers acting at the request of the first officer.

Officers Giltman, Migliore and Perez were issuing traffic tickets near 8th Street (Port Road) and U.S. 1 in Riviera Beach, Palm Beach County, Florida. Migliore was separated from the other two by a distance of approximately one block. A BMW automobile drove by at a high rate of speed and almost struck Officer Giltman. Giltman radioed to the others to stop the car. It then swerved and headed toward Officer Migliore's car, which was approximately 500 feet further south. Perez was parked behind Migliore. When the BMW drove by Migliore he simply put his police cruiser into gear and began pursuit. At no time did Migliore lose sight of the driver. Officer Perez pulled the defendant over. He had also seen the BMW go by at the Port Road location. Officer Giltman issued the Uniform Traffic Citation for driving while impaired (DUI). Officer Giltman did not see the driver at the time the car drove by and could not give chase immediately, because he was then occupied with another motorist. When he arrived at the scene of the arrest (at 57th Street and Broadway in West Palm Beach), he issued the Uniform Traffic Citation to the defendant. The trial court judge suppressed the evidence because Giltman was unable to identify the defendant as the driver of the BMW without relying on Perez's observations.

As a matter of fact, the offense did occur in the presence of Officer Giltman. Giltman observed the erratic driving. While he lost sight of the BMW the other two officers kept the vehicle in sight and observed the defendant exit from the driver's side. While it is true that the reason for the erratic driving, and the fact that the defendant was the driver of the BMW, were learned eleven blocks from Port Road and approximately ninety second after Giltman's original observations, there is no requirement that they be observed simultaneously. Were that the case officers would be unable to make most DUI arrests. The fact a motorist driving erratically is impaired, through the use of alcohol or drugs, is not usually evidence until the motorist is stopped.

As to the second issue, the collective knowledge of the law enforcement organization is imputed to the individual arresting officer when acting at the request of his superiors or brother officers, *Whiteley v Warden,* 401 US 560, 568, 18 L.Ed. 2d 306, 91 S.Ct. 1031, *Carroll v State,* 497 So.2d 253, *Williams v U.S.,* 308 F.2d 326, *Bianco v U.S.,* 94 F.Supp. 239 (reversed on other grounds), 189 F.2d 716, *People v Peak,* 194 N.E.2d 322, *Commonwealth v McDermit,* 197 N.E.2d 668, *State v*

*Burtrum,* 1 P.2d 861, at 863, *Johnson v State,* 183 So.2d 857, *Nelson v State,* 188 So.2d 353.

This case is reversed and remanded to the trial court.

COHEN, COLBATH, JJ - concur.